FILED
2017 Apr-10 AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ALISHA BRAXTON,** | ) |
| **PLAINTIFF,** | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| **CITIZENS BAPTIST MEDICAL CENTER,** | ) JURY DEMAND |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff Alisha Braxton brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., as Amended by the Civil Rights Act of 1991, 42 USC § 1981, 42 USC § 1981a, and 42 USC § 1988. Plaintiff alleges that Defendant discriminated against her on the basis of her race when it terminated her employment. Defendant is liable under either a pretext or a "motivating factor" or mixed motive theory of liability under Title VII and 42 USC § 1981. Plaintiff is entitled to equitable relief including reinstatement, backpay, as well as compensatory damages, punitive damages, liquidated damages, and attorneys fees, costs, and expenses. Plaintiff demands a trial by struck jury on all claims.

## II.   JURISDICTION

1.   This Court has jurisdiction in accordance with 28 U.S.C. 1331, 1343, 2201, 2202, and 29 U.S.C. 2617(a).  Venue is proper pursuant to 28 U.S.C. 1391 and Title VII's Choice of Venue provision, 42 U.S.C. § 2000e-5(f)(3).

2.   Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.

3.   Plaintiff has not voluntarily entered into any arbitration agreement. If Plaintiff signed such an agreement, she did so without realizing it. To the extent that a valid, enforceable agreement to arbitrate exists, which Plaintiff denies, then this timely filed judicial complaint should be construed as a demand for arbitration, and the filing date in arbitration should relate back to the date of the filing of this action in federal court.

## III.   PARTIES

4.   Plaintiff, Alisha Braxton, is African-American and a citizen of the state of Alabama, above the age of majority.

5.   Defendant, Citizens Baptist Medical Center, (hereinafter "Defendant," or "Baptist") is an "employer" under Title VII, 42 USC §2000e(b), and 42 USC § 1981.

## IV.   FACTS

6. Plaintiff began working for Defendant as a Nurse Technician in February, 2015.

7. Plaintiff was hired by an African-American woman named Vann McGrue. However, Ms. McGrue ceased being Plaintiff's supervisor in or around March or April 2016.

8. Thereafter, Plaintiff reported to Nurse Manager Angie Davis, who is white.

9. Ms. Davis treated Plaintiff differently from white nurses, scrutinizing her behavior and demeanor in ways that white nurses were not scrutinized.

10. Plaintiff sought a flex position to enable her to attend nursing school; however, Ms. Davis blocked her from obtaining this position.

11. Plaintiff spoke with the (now former) president of the hospital, Joel Taylor, about Ms. Davis blocking her from the flex position.

12. Mr. Taylor told her that if Angie had not gotten back to her about the position, she, Plaintiff, should speak to him again on or around Friday, June 8, 2016.

13. Ms. Davis awarded the flex position to a white male instead of Plaintiff.

14. On or around Wednesday, July 6, 2016, Ms. Davis called Plaintiff into her office.

15. Ms. Davis wanted to reprimand Plaintiff for an incident that had happened approximately two weeks earlier, around June 25.

16. On this date, Plaintiff had been scheduled to work, but the supervisor on duty

had told her not to come in, resulting in a loss of income to Plaintiff.

17. Plaintiff tried to explain her side of the story regarding her desire to work her scheduled shift on June 25, but Ms. Davis would not listen to her. She told Plaintiff she was being put on probation.

18. Plaintiff told Ms. Taylor she would have to go over her head, i.e. speak to the president of the hospital, Mr. Taylor, to present her side of the story regarding her desire to work her scheduled shift on June 25.

19. Ms. Davis immediately asked for Plaintiff's badge.

20. Ms. Davis terminated Plaintiff's employment when she asked for Plaintiff's badge.

21. The person who replaced Plaintiff was white.

22. The State Department of Labor found that Defendant did not terminate Plaintiff for any disruptive behavior such as throwing her badge.

23. Defendant's articulated reasons for terminating Plaintiff's employment are false and a pretext for race discrimination. In the alternative, Defendant is collaterally estopped from asserting such reasons in this action because the Department of Labor Board of Appeals found that Defendant's articulated reasons are false.

24. Even if Defendant had legitimate reasons for terminating Plaintiff's employment, her race remained a motivating factor in that decision under a "mixed

motive" framework.

## V. CAUSE OF ACTION

### A. Wrongful Termination – Race Discrimination in Violation of Title VII and 42 USC Section 1981

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by 42 U.S.C. §1981a, and 42 USC § 1981.

27. Defendant discriminated against Plaintiff by taking adverse employment actions against her, including disciplining her and terminating her employment.

28. Plaintiff may prevail under either a "pretext" or a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, her African-American race remained at least a motivating factor in the adverse employment actions Defendant took against her, up to and including termination.

29. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

30. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate

relief.

31. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2. Grant Plaintiff reinstatement into the position she would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an

Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of race discrimination or awarding her front pay, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

 /s/ L. William Smith
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**
Citizens Baptist Medical Center
c/o Baptist Health System
Black, Kerry
1130 22nd Street South, Suite 1000

Birmingham, AL 35205